[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 07, 2010
JOHN LEY
CLERK

No. 09-15206
Non-Argument Calendar
_____

D. C. Docket No. 05-20625-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MANUEL CRESPO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 7, 2010)

Before EDMONDSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Juan Manuel Crespo appeals his sentence of 24 months' imprisonment imposed under 18 U.S.C. § 3583(e)(3) for violating conditions of his supervised release. Crespo argues that his sentence was procedurally unreasonable because it was based on improper factors and unsupported factual conclusions, and substantively unreasonable because it was more than double the top of the applicable guidelines range.

Crespo pleaded guilty in 2005 to one count of possessing stolen property, 18 U.S.C. § 2315, after authorities caught him with millions of dollars' worth of computer equipment, DVD players, and Armani suits that had been burglarized from warehouses in several states. In April 2009, while on supervised release and only five months after getting out of prison, Crespo was caught apparently on his way to commit a burglary. Police stopped Crespo and four other men in a pickup truck that had been cruising through a Miami warehouse district after dark with its headlights off. In the truck, police found ski masks, flashlights, bolt cutters, burglary tools, a power generator and power saw, and a list of addresses for electronics retailers and perfume shops. In a previous burglary, Crespo had used a similar power saw to cut through the concrete wall of a warehouse. The district court revoked Crespo's supervised release, finding he had violated its terms by committing the state-law offenses of loitering and prowling, Fla. Stat. §

2

856.021(2), and possession of burglary tools, Fla. Stat. § 810.06. The guidelines

range for the violation was 4–10 months, U.S.S.G. § 7B1.4, but the court sentenced

Crespo to the statutory maximum of two years.

Crespo makes two specific complaints about the district court's comments at

sentencing. First, the court expressed some surprise that Crespo had been released

from prison so soon, given the length of his original sentence.[1] Crespo contends

that the court thus erred by basing his sentence on an impermissible consideration

about whether the Bureau of Prisons had shown him leniency by releasing him

early. Second, the court remarked that in light of his prior experience in warehouse

burglary, Crespo might have been "the guy that was explaining to the other guys

how to do it." When defense counsel objected there was no evidence Crespo

played such a role, the court responded, "No, but he sure knew how to do it from

last time." Crespo argues the court erred in basing his sentence on a factual

conclusion that was not supported by any evidence.

We review the sentence imposed on revocation of supervised release for

reasonableness.[2] <u>United States v. Velasquez Velasquez</u>, 524 F.3d 1248, 1252 (11th

---

[1] In fact, there was nothing unusual about the timing of Crespo's release from prison. Crespo's original 57-month sentence had been reduced to 45 months on a Rule 35 motion. With credit for several months served in pretrial detention, and good-behavior credits under 18 U.S.C. § 3624(b), he was released in November 2008 after serving 39 months.

[2] The government asserts that Crespo's argument should be reviewed for plain error because he raised only a general objection to the reasonableness of his sentence before the

3

Cir. 2008). Reasonableness review is "deferential," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). When reviewing a sentence, we must first determine that the "district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).

If we conclude that the district court made no procedural errors, we "should then consider the substantive reasonableness of the sentence imposed." Id. We will remand for resentencing only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).

The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the

district court. Because Crespo's argument fails under any review, we need not decide whether a plain error standard is applicable.

4

sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; (7) and the need to provide restitution to victims. See 18 U.S.C. § 3553(a).

The district court does not need "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, a district court's rationale is legally sufficient where the record makes clear that it has considered the evidence and the arguments. Rita v. United States, 551 U.S. 338, 358, 127 S. Ct. 2456, 2469 (2007).

Here, the district court did not commit procedural error because the record shows it did not actually base its sentencing decision on any improper considerations. The court did spend a few minutes trying to figure out why Crespo had been released early, but then dismissed the issue saying "[w]hatever it is, it is." The court's real concern was not how long Crespo had spent in prison, but how

5

quickly he had reoffended after getting out. Likewise, the court speculated only in passing that Crespo could have been teaching burglary techniques to his accomplices. Its point was simply that Crespo himself had previous experience committing exactly this type of crime. The district court made clear it was basing its decision on "the evidence that was presented . . . and the information contained in the violation report." The court believed the guidelines did not take into account "the nature of his prior crime," because Crespo's attempt to repeat the same offense only five months after getting out indicated that he had not "learned much" in prison.

We cannot say that the district court committed a clear error of judgment when it concluded that rehabilitation had not worked and that "the only way the community is safe from him is when he's in the slammer." Given the facts of the case, the two-year sentence imposed by the court was not "outside the range of reasonable sentences." See Pugh, 515 F.3d at 1191.

**AFFIRMED.**